IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRAIG PAYNE, Y40610, | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 25-cv-1484-DWD |
| | ) |
| NEWKIRK, | ) |
| | ) |
|           Defendant. | ) |

## ORDER TO SHOW CAUSE

**DUGAN, District Judge:**

Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections (IDOC) housed at Lawrence Correctional Center (Lawrence), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights under 42 U.S.C. § 1983. Plaintiff alleges that on June 26, 2025, Defendant Newkirk placed him in a cell with no mattress for 3 days, and with no access to cold water for 14 days. He admits that he has only pursued a grievance at the first level, which is inadequate to satisfy the exhaustion requirements for inmate-filed litigation.

## Analysis

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d 739, 740 (7th Cir. 2008). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules

require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Although a plaintiff need not anticipate or overcome an affirmative defense like exhaustion, if he alleges facts sufficient to establish that an affirmative defense applies, "the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

By Plaintiff's own account, he experienced the conditions he describes beginning on June 26, 2025, for 14 days. He alleges he filed a grievance at the first level, but it is being "held." (Doc. 1 at 3). He filed the present lawsuit less than 30 days later, on July 23, 2025. (Doc. 1 at 4). As such, it is almost entirely beyond doubt that Plaintiff filed this complaint before he made any meaningful effort to exhaust his remedies at the prison. An inmate may not sue first and exhaust later, so this shortcoming may make immediately dismissal of this pleading without prejudice appropriate. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (a sue first, exhaust later approach is not acceptable, and

cannot be cured by an amended complaint).  Before effectuating a dismissal, Plaintiff shall have an opportunity to respond so that he can explain any steps he took to exhaust this issue before suing.

The Court also notes that Plaintiff's Motion for In Forma Pauperis (Doc. 5) is still pending.  The motion itself was received on August 1, 2025, days after Plaintiff incurred three strikes in this District.  Generally, 28 U.S.C. § 1915(g) provides that an inmate cannot proceed in forma pauperis after accruing three strikes unless he demonstrates an imminent danger.  However, here, Plaintiff's complaint itself was submitted on July 23, 2025, applying the prison mailbox rule, so the Court will treat him as filing this suit just two days *before* he accrued three strikes.  Thus, the Clerk of Court will be directed to review the motion and to assess an initial partial fee.

## Disposition

Plaintiff is **ORDERED** to show cause about the exhaustion of his claim prior to the filing of this lawsuit.  Plaintiff must file his response with the Court in written format within 30 days.  Plaintiff's failure to respond to this Order will result in dismissal of this case.  The Clerk of Court is **DIRECTED** to review Plaintiff's IFP application and to calculate his initial partial fee.

**IT IS SO ORDERED.**

Dated: September 29, 2025         /s *David W. Dugan*
                                  _____
                                  DAVID W. DUGAN
                                  United States District Judge