IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KRAIG PAYNE, Y40610,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-1484-DWD |
| | ) |
| **NEWKIRK,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections (IDOC) housed at Lawrence Correctional Center (Lawrence), brings this civil rights action pursuant to 42 U.S.C. § 1983 related to his conditions of confinement. (Doc. 1). The face of the pleadings suggested that Plaintiff filed suit prior to exhausting his administrative remedies, so the Court directed him to show cause on this issue. (Doc. 10). Plaintiff has now filed a timely response to the show cause order. (Doc. 13).

## Analysis

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Exhaustion requires a prisoner to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the

administrative process has failed to exhaust state remedies." Id. at 1024. IDOC's grievance procedure does not contain an explicit timeframe for the handling of emergency grievances, 20 Ill. Admin. Code § 504.840, though it does provide that "when reasonably feasible" a grievance officer shall make a recommendation on a grievance within two months of receipt, 20 Ill. Admin. Code § 504.830(e).

Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." Early v. Bankers Life and Cas. Co., 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Although a plaintiff need not anticipate or overcome an affirmative defense like exhaustion, if he alleges facts sufficient to establish that an affirmative defense applies, "the district court may dismiss the complaint on that ground." O'Gorman v. City of Chicago, 777 F.3d 885, 889 (7th Cir. 2015).

By Plaintiff's own allegation in the Complaint, he was still waiting for a response to his grievances when he filed this lawsuit on July 23, 2025. (Doc. 1 at 5). The Court noted in the Order to Show Cause (Doc. 10) that the underlying events began on June 26, 2025, and spanned 14 days, meaning that he filed suit within 30 days of the events. In response to the Order to Show Cause, Plaintiff submitted copies of two relevant grievances. The first was submitted to the prison on July 10, 2025, and received a first-

level response from the counselor on July 24, 2025. (Doc. 13 at 4-5). The first-level response was not issued until the day *after* Plaintiff filed this lawsuit, so it is not sufficient for exhaustion purposes. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (an exhaust first, sue later approach is not acceptable, and an amended pleading cannot cure an exhaustion defect). The second grievance was filed on July 28, 2025, five days *after* this lawsuit was filed, so it is also not sufficient for exhaustion. (Doc. 13 at 2-3). Plaintiff indicated he is still waiting for a response to the second grievance. Against this backdrop, Plaintiff clearly filed this lawsuit without first exhausting his remedies. Therefore, this case is dismissed without prejudice for Plaintiff's failure to exhaust his remedies.

## Disposition

Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to exhaust administrative remedies, and his Motion to Show Cause (Doc. 13) is **DENIED**. This dismissal does not bar Plaintiff from presenting his claims in any future lawsuit once the claims are fully exhausted, however, as the Court noted in the Order to Show Cause, Plaintiff now has three strikes under 28 U.S.C. § 1915(g), which may hinder future filings. The Clerk of Court shall enter judgment and **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 9, 2025               /s *David W. Dugan*
                                     _____
                                     DAVID W. DUGAN
                                     United States District Judge